F. TRAVIS BUCHANAN, ESQ.
Nevada Bar No. 9371
**F. TRAVIS BUCHANAN, ESQ., & ASSOC., PLLC**
701 East Bridger Ave., Suite 540
Las Vegas, Nevada 89101
Tel: (702) 331-5478 / Fax: (702) 629-6919
Email: *Travis@ftblawlv.com*
*Attorneys for Plaintiff Lacoya Plymer*

CARLOS V. LEACH, ESQ.
Florida Bar No. 0540021 *(Pro Hac Pending)*
RYAN J. GLOVER, ESQ
Florida Bar No. 118226 *(Pro Hac Pending)*
**THE LEACH FIRM**
1560 N. Orange Ave., Ste. 600
Winter Park, FL 32789
Tel: (407) 574-2244 / Fax: (321) 594-7316
Email: Cleach@theleachfirm.com
Email: Rglover@theleachfirm.com
*Attorneys for Plaintiff Lacoya Plymer*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LACOYA PLYMER, on behalf of herself, as an individual, and those Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE SPEARMINT RHINO COMPANIES WORLDWIDE, INC., KATHY VERCHER, an individual<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT JURY TRIAL IS DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LACOYA PLYMER, on behalf of herself and those similarly situated, by and through her attorneys, F. TRAVIS BUCHANAN, ESQ., of the law firm F. TRAVIS

1

CIVIL COMPLAINT FOR DAMAGES

BUCHANAN, ESQ., & ASSOC., PLLC, RYAN J. GLOVER, ESQ., of The Leach Firm, and CARLOS V. LEACH, ESQ., of The Leach Firm, collectively her legal counsel, herein sues THE SPEARMINT RHINO COMPANIES WORLDWIDE, INC., KATHY VERCHER, an individual, collectively ("Defendants"), and alleges:

## I.
## GENERAL ALLEGATIONS & STATEMENT OF JUSISDICTION AND VENUE

1. This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Defendants violated the minimum wage and record keeping requirements of the FLSA. Claimants seek unpaid wages, including tips, liquidated damages and reasonable attorneys' fees and costs.

2. The Plaintiff began working for Defendants in February 2023 and continued working until approximately December 2023.

3. Plaintiff worked for Defendant based out of Las Vegas, Nevada.

4. THE SPEARMINT RHINO COMPANIES WORLDWIDE, INC., is a business entity, authorized to do business in Nevada, as a Nevada Corporation.

5. Defendants employ Entertainers throughout the Club whose primary duties include providing adult entertainment for Defendants' customers featuring female Entertainers.

6. Plaintiff and other similarly situated Entertainers primarily worked for Defendants over the last several years and were classified as independent contractors rather than employees and not paid the minimum wage or overtime pay.

7. Plaintiffs were employees withing the meaning of the FLSA.

8. Defendants directly and indirectly controlled Entertainers' work schedules by

**CIVIL COMPLAINT FOR DAMAGES**

requiring them to work a minimum hours per shift or face disciplinary consequences, including termination for failure to work the required number of hours per shift.

9. Defendants and their house moms and managers directly and indirectly controlled the appearance and dress of the Plaintiffs.

10. Defendants and their house moms and managers had the authority to require the Plaintiffs to change their appearance and attire at work.

11. Defendants and their house moms and managers required the Plaintiffs to change their appearance and attire at work.

12. The Defendants and their managers had the authority to hire, fire, supervise, manage, suspend, discipline and terminate the Plaintiffs.

13. The Defendants and their managers directly and indirectly supervised the Plaintiffs on a day-today basis.

14. The Defendants and their supervisors/managers posted notices to the Entertainers to discuss problems with Entertainers' dress, hair, makeup, weight, and appearance, club promotional efforts and other work-related issues.

15. Defendants made all advertising, marketing and promotional decisions as well as paid all costs associated with advertising marketing and promoting the clubs.

16. Defendants required customers to pay a "door fee" to enter and had ultimate authority as to which individuals were allowed to enter the clubs as customers.

17. Defendants and their managers had the discretion not to permit the Plaintiffs to perform if they arrived for a scheduled shift after a certain time.

18. Defendants authorized the disc jockeys to instruct the Plaintiffs to report to the stage and/or remove clothing while on stage.

CIVIL COMPLAINT FOR DAMAGES

19. Defendants authorized the disc jockeys to establish a rotation and call the Plaintiffs to the stage to dance in compliance with the dance rotation.

20. Defendants enforced a mandatory check-out process for the Plaintiffs, which included the payment of various fees to each club and their managers, house moms, and Disc jockeys.

21. Defendants created, maintained and enforced written and unwritten rules of conduct for the Plaintiffs.

22. Defendants required the Plaintiffs to comply with their rules and policies.

23. Defendants provided stages and VIP rooms used for the Plaintiffs' performances.

24. Defendants provided poles used for the Plaintiffs performances.

25. Defendants were responsible for day-to-day purchases of liquor for sale at the Club.

26. The Plaintiffs were not required to have prior experience as Entertainers or any formal or special training.

27. The decision to hire or retain an Entertainer was largely based on the individual's body and/or appearance rather than any special skills.

28. Defendants advertised their businesses by using pictures of scantily clad women, and by depicting themselves as strip clubs, or gentlemen's clubs providing dancing to customers.

29. The presence of Entertainers was integral to the business operations and success.

30. Entertainers did not manage other people or employees at work.

CIVIL COMPLAINT FOR DAMAGES

31. Plaintiffs and the collective action members were "employees" as that term is used in the FLSA, rather than independent contractors, as a matter of economic reality.

32. Defendants were Plaintiffs' "employers" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

33. Plaintiffs and the collective action members were not exempt from the minimum wage or overtime requirements of the FLSA for the work they performed.

34. Defendants paid no wages to Plaintiffs and the collective action members for the Plaintiffs and the collective action members worked entirely for tips paid by the Club's customers.

35. Defendants classified Plaintiffs as independent contractors.

36. This action is brought under the FLSA to recover from Defendants unpaid wages, tips, liquidated damages, and reasonable attorneys' fees and costs.

37. This action is intended to include all damages for Entertainers who worked for Defendants at any time within the past three (3) years.

38. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

39. At all times relevant to this action (2022-2025), Defendants earned more than $500,000.00 per year in gross sales.

40. During Plaintiff's employment with Defendants, Defendants employed two or more employees which handled goods, materials and supplies which had traveled in interstate commerce.

41. Defendants have/had multiple employees regularly selling alcoholic beverages

produced and shipped from outside of the state of Nevada and serving food produced and shipped from outside of the state of Nevada.

42. Defendants had out-of-state customers who regularly frequented the club.

43. At all times material, Defendants accepted payments from customers based on credit cards issued by out-of-state banks.

44. Therefore, Defendants are considered an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

45. At all times relevant to this action (2022 - 2025), Respondents failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked.

46. Defendants controlled and/or were responsible for the work of Plaintiff and those similarly situated. Venue is proper in this judicial district pursuant to 28 U.S.C. Sect. 1391 since "a substantial part of the events or omissions giving rise to the claim[s] occurred" within Clark County, Nevada, which is within the jurisdiction of the United States District Court for the District of Nevada.

## II.

## COUNT I - VIOLATION OF 29 U.S.C. § 206

47. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-46 above and further asserts.

48. Plaintiff is an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

49. Defendants did not compensate Plaintiff at an hourly rate above or equal to the minimum wage.

50. Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage.

51. Plaintiff is entitled to payment of her minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

52. Defendants' requirement that Plaintiff pay fees and fines to the Club and its managers, house moms, floor guys, and DJs violated the "free and clear" requirement of 29 CFR 531.35.

53. Plaintiff is entitled to receive all unpaid minimum wages from Defendants for the hours that she worked.

54. Plaintiff is entitled to recover from Defendants as part of her wage loss, all fees, tip-outs and fines that it was required to pay in order to work at the Club.

55. Defendants' violation of the FLSA was willful.

56. In other words, Defendants knew or showed reckless disregard for the fact that its wage and "pay to work" policies violated the FLSA.

57. As a result of Defendants' willful underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

58. Defendants failed to act in good faith in implementing and enforcing its wage and "pay to work" policies and its implementation and enforcement of these policies was unreasonable.

59. Defendants violated the record keeping requirements of the FLSA.

60. As a result of its underpayment of minimum wages as alleged above, Defendants are liable to Plaintiff for minimum wage damages, reimbursement of

misappropriated tips, liquidated damages, litigation costs, including reasonable attorney's fees, in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

III.

**COUNT II - VIOLATION OF THE FLSA BY DEFENDANT, KATHY VERCHER INDIVIDUALLY**

61. Plaintiff reincorporates and readopts all relevant allegations contained within Paragraphs 1-46 above, and further asserts.

62. Defendant, KATHY VERCHER, is/was the "employer and employs(ed) Plaintiff as an "employee" within the meaning of the FLSA, 29, U.S.C. § 203(d).

63. Defendant, KATHY VERCHER is/was responsible for hiring the Club's "entertainers".

64. Defendant, KATHY VERCHER is/was responsible for firing the Club's "entertainers."

65. Defendant, KATHY VERCHER made the decision to classify Plaintiff as an independent contractor.

66. Defendant, KATHY VERCHER made the decision that Plaintiff did not qualify for an hourly rate at least equal to the Federal Minimum Wage.

67. As a result, Defendant, KATHY VERCHER is individually liable for any damages under the FLSA.

Wherefore, Plaintiff seeks judgement against Defendant KATHY VERCHER for any FLSA damages.

**IV.**

**COUNT III - REIMBURSEMENT OF HOUSE FEES AND TIPS**

68. Plaintiff reincorporates and readopts all relevant allegations contained within Paragraphs 1-46 above, and further asserts.

69. Defendants further violated the FLSA by requiring Plaintiff and those similarly situated to pay house fees and tip outs as a condition of employment.

70. Defendants further violated the FLSA by requiring that Plaintiff pay a percentage of all tips collected back to the club and the end of every shift worked.

71. Defendants' house fees and tip out requirement benefitted the Defendants and caused Plaintiff and those similarly situated potential wages to fall well below the minimum wage.

72. Pursuant to the FLSA, specifically 29 CFR § 531.35, wages must be paid "free and clear."

73. 29 CFR § 531.35, states in part "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear."

74. The wage requirements of the Act will not be met where the tips directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.

75. The house fees paid by the Plaintiff and those similarly situated constitute "illegal kickbacks" pursuant to 29 CFR § 531.35.

76. The tip-outs paid by the Claimant to the "house mom", the floor guys, and the DJ constitute "illegal kickbacks," pursuant to 29 CFR § 531.35.

77. These sums must be returned to Plaintiff and those similarly situated to bring Defendants' minimum wage obligations to the Plaintiff complied with the requirements of the FLSA.

78. Defendants' policy of house fees and tip outs were not recorded in the federal and state tax returns or gross receipts.

79. Defendants are not entitled to a set-off or tip credit for sums earned by the Plaintiff and those similarly situated.

80. Defendants are liable to Plaintiff in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the Defendants, and in an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

## V.
## COLLECTIVE ACTION ALLEGATIONS

81. As alleged herein, Defendants are liable under the FLSA for willfully failing to properly compensate Plaintiff and all other similarly situated current and former adult entertainers employed by Defendants during the three year period prior to commencement of this action, and as such, notice should be sent to past and present adult entertainers employed by Defendants, during the three year period prior to initiation of this action, pursuant to 29 U.S.C. § 216(b).

82. As alleged herein, Defendants deprived Plaintiff and other similarly situated adult entertainers of compensation to which they are entitled through the following singular practices, decisions or plans:

(a) Requiring adult entertainers to work without compensation;

(b) Requiring adult entertainers to share tips with non-tipped employees; and

(c) Requiring adult entertainers to pay fees for the right to work.

83. Based thereon, Defendants have repeatedly and intentionally engaged in a similar practice, commonly and typically applied to the class of adult entertainers, of improperly depriving compensation to which such adult entertainers are entitled under the FLSA.

84. Questions that are common among the FLSA Collective Action members include, but are not limited to:

(a) whether Defendants have and continue to unlawfully refuse to pay adult entertainers proper compensation, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for all work performed;

(b) whether Defendants have and continue to unlawfully refuse to pay adult entertainers proper overtime compensation, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, through the aforementioned policies and practices;

(c) whether Defendants' failure to pay such proper compensation is willful within the meaning of the FLSA.

85. There are numerous similarly situated current and former adult entertainers employed by Defendants who have been subject to the same policies and practices alleged herein, in violation of the FLSA, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.

86. Those similarly situated employees are known to Defendants and are readily identifiable by Defendants' records.

87. Additional potential collective action members may execute and file forms

consenting to opt-in to join as a plaintiff in the instant action.

88. Accordingly, the class members are properly defined as:

**All Adult Entertainers who worked for Defendants during the three (3) years preceding this lawsuit.**

89. Plaintiffs, on behalf of themselves and other similarly situated current and former employees, bring this collective action against Defendants under the FLSA, 29 U.S.C. § 201, *et seq.* for failure to pay minimum wage and overtime compensation.

90. Plaintiff and others similarly situated (the "FLSA Collective"), are individuals who are current and former adult entertainer employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

WHEREFORE, Plaintiff, LACOYA PLYMER, on behalf of herself and those similarly situated, demands judgment against Defendants for unpaid wages, tips, liquidated damages, conditional certification of a collective action, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff, LACOYA PLYMER, demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment of the United States Constitution, and pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

CIVIL COMPLAINT FOR DAMAGES

DATED 11th day of July, 2025

By: */s/ F. Travis Buchanan, Esq.*
F. TRAVIS BUCHANAN, ESQ.
Nevada Bar No. 9371
701 E. Bridger Ave., Ste. 540
Las Vegas, Nevada 89101
CARLOS V. LEACH, ESQ.
Florida Bar No. 0540021 *(Pro Hac Forthcoming)*
RYAN J. GLOVER, ESQ
Florida Bar No. 118226 *(Pro Hac Forthcoming)*
**THE LEACH FIRM**
1560 N. Orange Ave., Ste. 600
Winter Park, FL 32789
Tel: (407) 574-2244 / Fax: (321) 594-7316
Email: Cleach@theleachfirm.com
Email: Rglover@theleachfirm.com

*Attorneys for Plaintiff*